# Foster
## v.
## Terheiden
*[Cite as 3 AOA 13]*

*Case No. C-890192*
*Hamilton County (1st)*
*Decided May 9, 1990*

Gary B. Bowman, Esq., 914 Main Street, Cincinnati, Ohio 45202, for Plaintiff-Appellant.

Kenneth Flacks, Esq., 1215 Holiday Park Tower, 644 Linn Street, Cincinnati, Ohio 45203, for Defendant-Appellee.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the arguments of counsel.

This timely appeal contests the proceedings in the trial court wherein a jury trial resulted in favor of the of the defendant in a personal-injury case.

The matter *sub judice* results from injuries which were allegedly sustained by plaintiff-appellant, Tajuana Foster, when she was struck by an automobile driven by defendant-appellee, Florence Terheiden. A material issue regarding liability in the trial court was whether the injured child was crossing the street in a marked crosswalk at the point of the accident. Tied closely to that issue was the question of whether a Metro layover bus was parked in the curb lane directly abutting the crosswalk or was located some twenty to thirty feet from the crosswalk.

The record reveals that two lay witnesses and a police officer were subpoenaed by plaintiff to testify at trial, but were not present at the time they were to be called to the stand. The trial judge refused to grant a continuance to allow plaintiff's counsel to attempt to secure the presence of these witnesses.

The record further reveals that at some point after plaintiff presented two other witnesses, the trial judge spoke with counsel for the defense as follows:

[COUNSEL]: "Your Honor, I think what I would like to do is preserve this motion and let me consider it. I have been presented with a situation in which the Court has advised us that one of my witnesses has had a criminal matter pending in this court."

THE COURT: "It is not pending. He has been convicted of a felony. That is Mr. Cross, and this case revolves around credibility and who you believe, and after hearing the testimony and also Dominic Foster is a convicted felon. I thought it was only fair to have that brought out and I thought I would tell Mr. Flacks that because the case revolves around credibility, and when I see a situation developing, in all fairness to both parties, I thought this was important to bring that fact up.

"If you want to use that you could because it is something that should be brought in front of the people. They are going to take the stand and really put their credibility in issue and in fairness to all sides, that whole credibility issue should be brought out. They are going to take the stand and I want people from the community -- this is what a trial is. Like in caveman times we beat things out. We put the trial to members of the community and it's part of that custom, so to speak, and part of the law.

"You put a witness on to testify to certain facts which you are trying and they are telling these people this is the way I see it and I should be believed. In all fairness to the other side, the other side should be able to bring out to the community that these people have both been convicted of felony offenses or theft. Or offenses that involve theft.

"Mr. Cross -- he just was convicted in front of me of that offense and that is important to bring that out because it's a credibility issue. I brought it out and if the Court of Appeals thinks it's wrong they can reverse me. But I think it's only fair."

[COUNSEL]: "For the record --"

THE COURT: "Maybe because I used to be a prosecutor and I know all these things about certain people. You see the same people over and over again and you get to know people in the community being in law enforcement. You see it."

[COUNSEL]: "For the record, what happened at sidebar was the Court apprised [defense counsel] that this man had been convicted of a crime in this court and suggested to him that he would reopen his testimony to allow him to cross-examine him on that very issue." (T.p. 85-87.)

Plaintiff's first assignment of error contends that it was error for the trial court to refuse to continue the case to allow the plaintiff to secure subpoenaed witnesses who were critical to the plaintiff's case. We overrule this assignment for the reason that no proffer of the expected testimony was made in the record. We find no abuse of discretion under the standards enunciated in *State v. Unger* (1981), 67 Ohio St. 2d 65, 423, N.E.2d 1078, and likewise conclude that plaintiff has failed to demonstrate any prejudice in the trial court's actions.

Plaintiff's second assignment of error alleges that the trial court erred in becoming involved in the case by advising defense counsel of critical eyewitnesses' prior criminal backgrounds. We note that it is imprudent for a trial judge to become, in effect, a partner of either counsel in the conduct of a trial before the judge. Such action is less than a proper decorum for a presiding judge, and we strongly disapprove and give no countenance to such a lapse of judicial demeanor. We cannot say, however, that the conduct of the trial judge, standing alone, was so egregious in this case as to prejudice the plaintiff. The record *sub judice* is incomplete; plaintiff has provided only transcript excerpts. It is therefore impossible for us to validate this assignment in the vacuum of a partial record.

Accordingly, we overrule the second assignment of error.

Plaintiff's third assignment of error argues prejudice in the trial court's failure to grant a continuance to bring to court a subpoenaed police officer. The record before us reveals that this officer investigated the accident and was at the scene. Plaintiff's counsel proffered that the police officer would testify that the layover bus was parked next to the crosswalk and not at the further removed bus stop. This was testimony pertinent to a critical issue in the case. The record further reveals that the case was concluded at approximately 11:00 a.m., and that the officer was subpoenaed for 1:00 p.m. The court recessed for various reasons and reconvened at 12:06 p.m., whereupon brief recall testimony was presented. It appears to us that a forty-five-minute recess would have accommodated the presentation of critical and relevant testimony. Under the *Unger* tests, we find little or no inconvenience to the litigants, witnesses, opposing counsel or the court other than whatever minimal delay may have attended the hearing of the criminal case that was scheduled to commence following the conclusion of the instant matter. In the words of a revered and well-respected former Hamilton County jurist on the subject of substantial justice, "you as a judge have had no prior cases and will have no future cases - you have only the case before you at the moment." We recognize that trial judges have demanding dockets which are seriously eroded by lengthy trials. However, to deprive a plaintiff of an important witness with critical testimony by not granting a continuance is to be, as Judge McCormac stated in *State v. Holmes* (1987), 36 Ohio App. 3d 44, 48, 521, N.E.2d 479, 484 "[P]enny wise and pound foolish." See also *Rockenfield & Associates v. Kessler,* (Jan. 11, 1989), Hamilton App. No. C-880241, unreported. Plaintiff's third assignment of error is sustained.

Plaintiff's fourth and final assignment alleges the trial court abused its discretion in overruling plaintiff's motion for a mistrial. This assignment is subsumed by our disposition of the third assignment of error.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed and*
*cause remanded.*

SHANNON, P.J., DOAN and GORMAN, JJ.